# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:12 cr 06-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| REGINA DAWN BIRD, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** has come before the Court, pursuant to a Motion for Reconsideration of Detention (#62) filed by counsel for defendant. An examination of this motion showed that defendant was requesting that she be released on terms and conditions of pretrial release pursuant to 18 U.S.C. § 3145(c) in that it was the contention of defendant that extraordinary circumstances existed that merited further consideration the issue of release of defendant. At a hearing that was held before the undersigned on August 9, 2012 it appeared defendant was present with her attorney Tony E. Rollman and the government was presented and represented through Assistant United States Attorney David Thorneloe. From arguments of counsel for defendant and arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On February 8, 2012 a bill of indictment was issued charging the defendant with three counts of robbery, in violation of 18 U.S.C. § 2111 and one

count of first degree burglary in violation of N.C.G.S. § 14-51. On February 21, 2012, an initial appearance hearing was held for defendant. On that same date, the undersigned entered an Order (#7) setting terms and conditions of pretrial release for defendant.

On May 9, 2012, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to one count of robbery in violation of 18 U.S.C. § 2111. Further, on that same date, the undersigned ordered that the terms and conditions of pretrial release of defendant be revoked and defendant be detained, pursuant to 18 U.S.C. § 3143(a)(2). A written Order (#57) was thereafter entered by the undersigned on May 14, 2012. On August 3, 2012 defendant's counsel filed a Motion for Reconsideration of Detention (#62) stating that defendant was pregnant and is expecting a delivery date of her child on October 11, 2012. Defendant requested that she be released from custody for an appropriate time to have the child and to then nurse and care for the infant. The undersigned has determined that defendant was requesting that she now be released pursuant to 18 U.S.C. § 3145(c). That statute provides as follows:

> (c) **Appeal from a release or detention order.**---
>
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to

section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger instructed the undersigned to conduct the exceptional circumstances determination as set forth by the above referenced statue. The definition of what constitutes exceptional circumstances is set forth in <u>United States v.Vilaiphone</u>, 2009 WL 412958 (February 19, 2009 W.D.N.C.). In <u>Vilaiphone</u> Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See <u>United States v. Larue</u>, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); <u>United States v. Lea</u>, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting <u>United States v. DiSomma</u>, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See <u>United States v. Little</u>, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See <u>Lea</u>, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to

school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

At the hearing, defendant's counsel argued that the pregnancy of defendant is a factual circumstance that creates exceptional circumstances meriting the release of defendant. The government advised that it did not object to the release of defendant for the purpose of the delivery of her child.

The undersigned has compared the contentions of defendant with the definition of "exceptional circumstances" as set forth by Judge Reidinger in Vilaiphone. The undersigned finds that the circumstances regarding defendant at this time are "clearly out of the ordinary, uncommon, or rare." The undersigned has further determined that in this district a pregnancy of a defendant and the delivery of her child have been found to be exceptional circumstances meriting the release of defendant. As a result of the arguments of defendant's counsel and with the agreement of the government, the undersigned is of the opinion that the circumstances shown by defendant do meet the definition of "exceptional circumstances" that merit the release of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Motion For Reconsideration of Detention" (#62) is **ALLOWED** and defendant be released on terms and conditions of pretrial release as set forth in the Order (#64) setting terms and conditions of pretrial release. The undersigned further orders that this matter be placed on the calendar for **January 4, 2013** for review for further determination as to whether defendant can continue to show that exceptional circumstances exists that would merit her continued release.

Signed: August 23, 2012

Dennis L. Howell
United States Magistrate Judge