IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12 cr 06-01

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| REGINA DAWN BIRD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** has come before the Court pursuant to a letter (#70) sent by defendant to the undersigned dated September 13, 2012, has been received as a "motion for bond", and a motion entitled " Emergency Motion for Reconsideration of Order Revoking Pre-trial Release, and, Based Upon New and Additional Facts" (#73) filed by counsel for defendant. The undersigned will address each motion in the order filed.

The letter sent by defendant to the undersigned is in violation of LCrR 47.1(H). That rule states as follows:

**(H) Pro Se Motions Filed by Criminal Defendants Who Have Not Waived Their Right To Counsel.**

Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his or her right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver. Exceptions to this general rule may be made in the discretion of the judicial officer considering the *pro se* motion.

The undersigned finds no reason here to make an exception to the rule and will deny the motion with prejudice.

In regard to the motion filed by defendant's counsel, this motion does not show that counsel for defendant has conferred with opposing counsel as to the relief sought and thus there has not been compliance with LCrR 47.1(B) which states as follows:

**(B) Certificate of Conference With Filing.**

> Pretrial motions, other than motions to suppress, *ex parte* motions, and notices (notice of substitution of counsel, notice of appearance, notice of intent to present certain types of evidence, etc.) shall include a certification that the moving party has conferred with opposing counsel and state opposing counsel's position on the relief sought, or an explanation as to why conferring should not be required under the circumstances. If a hearing on a motion is requested, counsel should estimate the length of such hearing.

The motion of defendant does not reflect any consultation with the government nor is there any estimate of the length of the hearing. As a result, the motion of defendant's counsel will be denied without prejudice. Based upon the foregoing Local Rules and the motions of defendant, the Court enters the following order.

## ORDER

**IT IS, THEREFORE**, ORDERED:

1) That the letter (#70) of defendant which has been considered as a motion for bond is hereby **DENIED** with prejudice; and

2) The Emergency Motion for Reconsideration of Order Revoking Pre-Trial Release, and Based Upon New and Additional Facts (#73) filed by defendant's counsel will be **DENIED** without prejudice. Defendant's counsel will be allowed, should he chose to do so, file further pleadings reflecting compliance with LCrR 47.1(B).

Signed: September 21, 2012

Dennis L. Howell
United States Magistrate Judge